UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES HAWKINS, | CIV F   04-5771 OWW SMS P |
| Plaintiff, | ORDER DENYING RENEWED REQUEST FOR STAY OF CASE (Doc. 48 ) |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (Doc. 40) |
| USA, et. al., | |
| Defendants. | THIRD AMENDED COMPLAINT DUE WITHIN NINETY (90) DAYS |

Charles Hawkins ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil action.

Plaintiff filed the instant action on May 27, 2004.  On July 16, 2004, Plaintiff filed a pleading requesting that the Court correct the record to reflect that Plaintiff had filed an action pursuant to the Federal Tort Claims Act ("FTCA") and not Bivens.  Thus, on July 28, 2004, the Court issued an Order correcting the record and dismissing the Complaint with leave to amend.  Plaintiff was informed that under the FTCA, the only proper Defendant was the United States.

Plaintiff filed an Amended Complaint on August 13, 2004.  Based on the Amended Complaint the Court issued an Order on October 18, 2004, finding service of the Complaint proper and directed the U.S. Marshal to serve Defendant USA.  The United States filed an Answer to the First Amended Complaint on March 23, 2005.  The Court then issued a Scheduling Order opening discovery and setting forth various dispositive motion deadlines.  Plaintiff moved to amend the

Complaint for the second time on July 29, 2005, indicating that he wished to include a number of parties he felt were responsible for his medical condition. Defendants filed a Statement of Non-Opposition to the Motion to Amend and thus, the Court granted Plaintiff's request.

The Second Amended Complaint was filed on December 23, 2005. Defendants filed an Answer on January 11, 2006. Plaintiff moved to stay the case on August 1, 2006, citing a pending "brain operation" as the reason for the stay. Defendant's filed a Statement of Non-Opposition to the Motion on August 4, 2006. On August 23, 2006, the Court denied Plaintiff's request for a stay indicating that Plaintiff's request based on speculation and he cited no end to the stay.

Plaintiff renewed his Motion on October 4, 2006, stating that he is in the hospital and thus, requests a stay of 90 days. Defendants filed a Statement of Non-Opposition on October 17, 2006.

**A. SCREENING REQUIREMENT**

As stated in this Court's Order of July 24, 2004, it is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In this case, although Plaintiff was previously informed that the United States is the *only* proper Defendant in a Federal Tort Claims Act action, he nevertheless included several individuals and businesses in the caption of his Second Amended Complaint.  See Lance v. United States, 70 F.3d 1093, 1095 (9th Cir. 1995) *citing* Woods v. United States, 720 F.2d 1451, 1452 n.1 (9th Cir. 1983).  Accordingly, Plaintiff's allegations against the University of Texas Medical Branch, David Craig Palmieri, P.A., Antonio Villasan, M.D., Melinda Ross, R.N., St. Johns Regional Health Center, Michael Luzecky, M.D., Mike Coburn, M.D., Craig L. Boswell, M.D., Merced MRI & CT Scanning Medical Group and Stephen K. Hansen fail as a matter of law.  The Court will again dismiss the Complaint and provide Plaintiff with the final opportunity to amend his Complaint and omit all Defendants except for the United States.  This does not mean that Plaintiff cannot make reference to these individuals in his statement of facts, he just cannot include them as Defendants in the Caption, seek damages from these individuals as Defendants or indicate in the Amended Complaint that they are Defendants.  As stated above, the only proper Defendant in a FTCA action is the United States.[1]

Even had Plaintiff properly named solely the United States, the facts alleged in the Second Amended Complaint do not sufficiently state a cognizable claim for relief.

The Federal Tort Claims Act is a limited waiver of sovereign immunity. The Act permits the United States to be sued for the negligence of its employees. 28 U.S.C. § 1346(b). The government may also be sued for the actions of a government contractor and its employees if the government has the authority "to control the detailed physical performance of the contractor" and supervise its "day-to-day operations." United States v. Orleans, 425 U.S. 807, 814-15, 96 S.Ct. 1971, 1976, 48 L.Ed.2d 390 (1976) (*quoting* Logue v. United States, 412 U.S. 521, 528, 93 S.Ct. 2215, 2219, 37 L.Ed.2d 121 (1973).

---

[1] The Federal Tort Claims act is limited to suits against the U.S. for torts committed by their employees.  The allegations in the Second Amended Complaint do not indicate that any of the named businesses or individuals were federal employees.  Similarly, they are not "state actors" such that Plaintiff could maintain a civil rights action under Section 1983.  Nor could Plaintiff maintain an action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), for such lawsuits can be maintained against federal officials only and for constitutional deprivations that occur under color of federal law.  To the extent Plaintiff seeks to sue these businesses or their employees for monetary damages under a negligence or malpractice theory, he must pursue such an action in the proper *state* court.

Plaintiff alleges no facts in his Second Amended Complaint demonstrating that the Federal Bureau of Prisons had any authority over the daily operations of the University of Texas Medical Branch, the St. Johns Regional Health Center or the Merced MRI & CT Scanning Medical Group or their employees.  As such, Plaintiff fails to state a claim under the FTCA.

The Court finds that Plaintiff's Second Amended Complaint does not state a claim upon which relief can be granted under the FTCA.  The Court will provide Plaintiff with time to file an Third Amended Complaint curing the deficiencies identified above should he wish to do so.

Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint be complete in itself without reference to any prior pleading.  As a general rule, an Amended Complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an Amended Complaint is filed, the original Complaint no longer serves any function in the case.  Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The Amended Complaint should be clearly and boldly titled "THIRD AMENDED COMPLAINT," reference the appropriate case number, and be an original signed under penalty of perjury.

Finally, Plaintiff's request to stay the case is DENIED.  As stated previously, the Court cannot stay this case indefinitely.  Although Plaintiff asks for only a ninety day stay, the Court has screened the Complaint and has determined that the pleadings do not state a cognizable claims for relief.  Thus, Plaintiff's request for a stay is DENIED.  The Court will grant Plaintiff more than the standard amount of time allotted for the filing of an Amended Complaint.  Plaintiff is forewarned, however, that given the state of the case and the amount of time the case has been pending, the Court cannot delay resolution of this case further.

The Court HEREBY ORDERS:

1. The Renewed Request to Stay the Case is DENIED;
2. The Second Amended Complaint is DISMISSED with leave to amend.  WITHIN NINETY  (90) days from the date of service of this order, Plaintiff SHALL:
   a. File a THIRD Amended Complaint curing the deficiencies identified by the Court in this Order, or

        b.      Notify the Court in writing that he does not wish to file a Third Amended Complaint and pursue the action but instead wishes to voluntary dismiss the case. See, Fed.R.Civ.P. 41(a)(1).

Plaintiff is forewarned that his failure to comply with this Order may result in a Recommendation that the Complaint be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:   October 23, 2006**                                         /s/ Sandra M. Snyder
icido3                                                                       UNITED STATES MAGISTRATE JUDGE