# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES HAWKINS,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>USA, et. al.,<br><br>　　　　　　Defendants.<br>_____ / | CV F   04-5771 OWW SMS P<br><br>ORDER DENYING MOTION TO WITHDRAW REQUEST TO STAY CASE AND DISREGARDING MOTION FOR ORDER CLARIFYING SERVICE (Doc. 52-1, 52-2.)<br><br>ORDER DENYING MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO THIRD AMENDED COMPLAINT (Doc. 54.)<br><br>ORDER RELIEVING DEFENDANTS FROM HAVING TO FILE ANSWER AT THIS STAGE OF PROCEEDINGS |

　　　Charles Hawkins ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil action. Plaintiff filed the instant action on May 27, 2004.

　　　On October 24, 2006, this Court issued an Order denying Plaintiff's Motion to stay the case and also dismissed the Second Amended Complaint with leave to amend. The Court found that the Second Amended Complaint did not state a cognizable claim for relief.

1

1    On October 27, 2006, Plaintiff filed a pleading titled "Motion to Withdraw Request to
2    Stay Case and for an Order Clarifying Status of Service as to Second Amended Complaint." In
3    this pleading, Plaintiff requests that he be able to withdraw his request that the Court stay his
4    case and also inquires as to why the Second Amended Complaint has not yet be served.

5    On January 23, 2007, Plaintiff filed a Third Amended Complaint as ordered by the Court.
6    On January 25, 2007, Defendants moved for an extension of time to file a response to the Third
7    Amended Complaint.

8    Plaintiff is informed that this Court does not provide clarification upon the request of the
9    parties. As long as Plaintiff keeps the Court informed of his current address he will be served
10   with copies of all Orders and pleadings filed in the case.

11   With regard to the Motion to Withdraw the Request to Stay, the Court issued an Order
12   denying the Motion on October 24, 2006. Thus, the Request to Withdraw is DENIED as moot.

13   Plaintiff's Motion for Clarification is DISREGARDED. Although Plaintiff cites to the
14   Federal Rules of Civil Procedure with regard to service of the complaint, Plaintiff overlooks the
15   Court's Order dismissing the Second Amended Complaint with leave to amend which informs
16   him that the Court is required to screen each Complaint filed under the Prison Litigation Reform
17   Act. Generally, in cases such as Plaintiff's, a complaint or any amended complaint is not served
18   on the Defendants until the Court determines that the complaint states cognizable claims for
19   relief.

20   According to the history of this action, the summons and First Amended Complaint
21   served on Defendant USA was returned executed on March 21, 2005, and the Defendants filed an
22   Answer to the Amended Complaint on March 23, 2005. Despite this appearance and the
23   issuance of a Discovery/Scheduling order, Plaintiff moved to amend the complaint yet again on
24   July 29, 2005. Defendants did not oppose the Motion and thus, the Court vacated its
25   Discovery/Scheduling order to allow Plaintiff to file a Second Amended Complaint to which
26   Defendants filed an Answer on January 11, 2006. Plaintiff then sought to stay the case. Upon
27   review of Plaintiff's Motion to Stay the Case, the Court discovered that the Second Amended
28   Complaint failed to state a claim for relief and thus, it issued an Order dismissing the Second

1  Amended Complaint and directing Plaintiff to file a Third Amended Complaint curing the
2  deficiencies or withdraw the action.  It appeared that Plaintiff had yet again named improper
3  Defendants despite being informed of the requirements under the Federal Tort Claims Act in
4  prior Orders.  Before filing the Third Amended Complaint however, Plaintiff sought
5  "clarification" of the status of service citing to the Federal Rules of Civil Procedure and
6  indicating that because he was given in forma pauperis status, the U.S. Marshal should have
7  effected service of the Second Amended Complaint and that according to the Court docket,
8  service was never ordered by the Court.

9       Plaintiff's assessment is correct.  However, as stated in prior Orders, the Court generally
10 does not order service until a determination is made that the Complaint states a cognizable claim
11 for relief.  Thus, each time Plaintiff amends his Complaint, the Court must conduct another
12 screening of the case.  As is evidenced by the Court record, each time Plaintiff amended his
13 Complaint in this action, he failed to name a proper Defendant.  Thus, no subsequent order
14 directing service of the Complaint issued.

15      In light of the lack of such a determination, the Court finds it necessary to relieve the
16 Defendants of their responsibility to file an Answer under the Federal Rules of Civil Procedure
17 until such time as the Court has screened the Complaint pursuant to Section 1915(A).  Following
18 such a determination, the Court will issue an Order directing the U.S. Marshal to serve any
19 Defendants who have not made an appearance in the case and order an Answer from those
20 Defendants who have appeared.  In light of this order, the Court will deny Defendants request for
21 an extension of time to file an Answer.

**ORDER**

23      Accordingly, the Court HEREBY ORDERS:
24      1.     The Motion to Withdraw Stay is DENIED;
25      2.     The Motion for Clarification of Status of SERVICE is DISREGARDED;
26      3.     The Defendant's Motion for Extension of time to Respond to Third Amended
27            Complaint is DENIED.
28      4.     The Defendant is RELIEVED from having to file an Answer at this time.  After

1 such time as the Court has conducted a screening of the case and should a
2 determination be made that the Complaint states cognizable claims, the Court will
3 DIRECT the Defendant to file an Answer as contemplated by the Federal Rules of
4 Civil Procedure.
5 IT IS SO ORDERED.

6 **Dated:    January 31, 2007**            /s/ Sandra M. Snyder
b6edp0                                              UNITED STATES MAGISTRATE JUDGE