1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

CHARLES HAWKINS,                        1:04-cv-05771-OWW-SMS-PC

          Plaintiff,

   v.                                 ORDER DENYING MOTION FOR
                                        RECONSIDERATION
                                        (Doc. 61.)

UNITED STATES OF AMERICA,

          Defendants.
_____/

    Charles Hawkins  ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On May 20, 2008, plaintiff filed a motion for reconsideration of the court's denial of plaintiff motion for appointment of counsel.  (Doc. 61.)

**I.      MOTION FOR RECONSIDERATION**

    Motions to reconsider are committed to the discretion of the trial court.  Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).  The Local Rules provide that when filing a motion for reconsideration, a party  show that the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  Local Rule 78-230(k)(3).

1

1    On July 19, 2005, plaintiff filed a motion for appointment of counsel.  (Doc. 32.)

2    Plaintiff stated that counsel was needed because he is inexperienced in legal matters and was

3    incarcerated in another state. On September 1, 2005, the court denied the motion.  (Doc. 34.)

4    In support of reconsideration, plaintiff states that he has been transferred to another out-

5    of-state facility and remains incompetent in legal matters.  Plaintiff states that he has relied to his

6    detriment on assistance from other inmates who are unqualified in the law.  Because of this

7    reliance, plaintiff fears that his amended complaint was not filed in compliance with the court's

8    order.

9    Although plaintiff recites some new facts, his situation has not materially changed, and

10   the motion for reconsideration is not based on any new law not in existence at the time the

11   motion for counsel was denied.  Even if plaintiff lacks legal knowledge to properly litigate his

12   case, the court cannot require counsel to represent plaintiff.  Mallard v. United States District

13   Court for the Southern District of Iowa, 490 U.S. 296 (1989).  In certain exceptional

14   circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. §

15   1915(e)(1).  In determining whether "exceptional circumstances exist, the district court  must

16   evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to

17   articulate his claims *pro se* in light of the complexity of the legal issues involved."  Id. (internal

18   quotation marks and citations omitted).

19   In the present case, the court does not find the required exceptional circumstances.

20   Plaintiff's justification for the need for counsel is identical to that of most incarcerated inmates

21   filing civil rights actions in federal courts across the country.  The court simply does not have the

22   financial resources to compensate counsel in every case wherein the plaintiff is inexperienced in

23   the law.  Even if it is assumed that plaintiff is not well versed in the law and that he has made

24   serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This

25   court is faced with similar cases almost daily.  Moreover, the court has yet to screen plaintiff's

26   third amended complaint, and until the screening is completed, the court cannot make a

27   determination that plaintiff is likely to succeed on the merits or that he is unable to articulate his

28   claims.  Id.

1    In accordance with the above, it is HEREBY ORDERED that plaintiff's motion for

2  reconsideration of the court's denial of the motion for the appointment of counsel, filed May 20,

3  2008, is DENIED.

4

5

6  IT IS SO ORDERED.

7  **Dated:    August 10, 2008**                    /s/ Sandra M. Snyder
                                      UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28