# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES HAWKINS,<br><br>    Plaintiff,<br><br>  v.<br><br>USA, et. al.,<br><br>    Defendants.<br>_____/ | 1:04-cv-05771-LJO-SMS (PC)<br><br>SCREENING ORDER DISMISSING<br>THIRD AMENDED COMPLAINT<br>WITH LEAVE TO AMEND<br><br>(Doc. 53) |

**A. Procedural History**

Charles Hawkins ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil action.

Plaintiff filed the instant action on May 27, 2004. (Doc. 1.) On July 16, 2004, Plaintiff filed a pleading requesting that the Court correct the record to reflect that Plaintiff had filed an action pursuant to the Federal Tort Claims Act ("FTCA") -- not Bivens. (Doc. 10.) Thus, on July 28, 2004, the Court issued an Order correcting the record and dismissing the Complaint with leave to amend. Plaintiff was informed that under the FTCA, the only proper Defendant was the United States of America. (Doc. 11.)

Plaintiff filed his First Amended Complaint on August 13, 2004. (Doc. 14.) Based on the First Amended Complaint the Court issued an Order on October 18, 2004, finding service of the Complaint proper and directed the U.S. Marshal to serve Defendant USA. (Doc. 18.) The United

1   States filed an Answer to the First Amended Complaint on March 23, 2005.  (Doc. 28.)  The Court
2   then issued a Scheduling Order opening discovery and setting forth various dispositive motion
3   deadlines.  (Doc. 30.)  Plaintiff moved to amend the Complaint for the second time on July 29, 2005,
4   indicating that he wished to include a number of parties he felt were responsible for his medical
5   condition.  (Doc. 33.)  Defendants filed a Statement of Non-Opposition to the Motion to Amend and
6   thus, the Court granted Plaintiff's request.  (Docs. 36 & 38.)

7        The Second Amended Complaint was filed on December 23, 2005.  (Doc. 41.)  Defendants
8   filed an Answer on January 11, 2006.  (Doc. 41.)  Plaintiff moved to stay the case on August 1, 2006,
9   citing a pending "brain operation" as the reason for the stay.  (Doc. 45.)  Defendant's filed a
10  Statement of Non-Opposition to the Motion on August 4, 2006.  (Doc. 46.)  On August 23, 2006, the
11  Court denied Plaintiff's request for a stay indicating that Plaintiff's request based on speculation and
12  he cited no end to the stay.  (Doc. 47.)

13       Plaintiff renewed his Motion on October 4, 2006, stating that he is in the hospital and thus,
14  requests a stay of 90 days.  (Doc. 48.)  Defendants filed a Statement of Non-Opposition on October
15  17, 2006.  (Doc. 50.)  The Court denied Plaintiff's request for a stay indicating that Plaintiff named
16  improper defendants, failed to state cognizable claims under the FTCA, and dismissed the Second
17  Amended Complaint with leave to amend.  (Doc. 55.)

18       **B.    Screening Requirement**

19       The Court is required to screen complaints brought by prisoners seeking relief against a
20  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
21  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
22  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
23  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
24  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
25  dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim
26  upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).    A complaint, or portion
27  thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it
28  appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that

would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Court has twice advised Plaintiff that the United States is the *only* proper Defendant in a Federal Tort Claims Act action.  See Lance v. United States, 70 F.3d 1093, 1095 (9th Cir. 1995) *citing* Woods v. United States, 720 F.2d 1451, 1452 n.1 (9th Cir. 1983).  Nevertheless, in the caption of his Third Amended Complaint, Plaintiff named several individuals as defendants.  Accordingly, the Court will analyze Plaintiff's allegations against the United States of America under the Federal Tort Claims Act; and will analyze Plaintiff's allegations against the individual defendants under the Eighth Amendment to the Constitution of the United States of America and Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, (1971).[1]

### C. **Plaintiff's Third Amended Complaint**

In his Third Amended Complaint, Plaintiff names the United States of America ("the U.S.A.") and defendants from four federal retention facilities, to wit: (1) from USP Atlanta, Georgia -- J. Del Valle, N.P. and C. Glas, N.P.; (2) from USP Beaumont, Texas -- David C. Palmieri, P.A., Melinda Ross, R.N., Antonio Villasan, M.D., B. McCory, L.V.N., C. Dunlap, L.V.N./C.I.D.; (3) from FCC in Forrest City, Arkansas -- R. Refendor, N.P.; and (4) from USP Atwater, California -- Clinical Director J. Franco.

Plaintiff's allegations challenge the medical care that he received regarding the diagnosis, care, and treatment of a brain tumor.  Plaintiff seeks monetary damages.

### D. **Federal Tort Claims Act ("F.T.C.A.") Requirements**

#### *1. Federal District Court Jurisdiction*

---

[1] Even though Plaintiff has previously requested, and the Court granted, that this action be renamed to reflect that this is a Federal Tort Claims Act, since Plaintiff has persisted in naming individual defendants, the Court feels it necessary to analyze whether Plaintiff's claims are cognizable under Bivens and the Eighth Amendment.

Provided that a claimant has met the jurisdictional prerequisite of filing a timely administrative claim,[2] the Federal Tort Claims Act (FTCA) provides that:

> [T]he district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b).  The FTCA also provides that the United States shall be liable for tort claims "in the same manner and to the same extent as a private individual under like circumstances."  28 U.S.C. § 2674.  The FTCA contains a limited waiver of sovereign immunity, making the federal government liable for certain torts of federal employees acting within the scope of their employment. United States v. Orleans, 425 U.S. 807, 814 (1976).  The FTCA includes officers and employees of "any federal agency" but expressly excludes "any contractor with the United States."  28 U.S.C. § 2671.  The "critical test for distinguishing an agent from a contractor is the existence of federal authority to control and supervise the detailed physical performance and day to day operations of the contractor."  Hines v. United States, 60 F.3d 1442, 1446 (9th Cir. 1995) (quoting Carrillo v. United States, 5 F.3d 1302, 1304 (9th Cir. 1993)); Orleans, 425 U.S. at 814-15.  Thus, the federal government is not responsible for the negligence of the employees of other entities, merely because they are working under a federal contract, maintaining property owned by the federal government, or working on projects funded by the federal government.  Logue v. United States, 412 U.S. 521, 531 (county employees under a contract to house federal prisoners); Maryland v. United States, 381 U.S. 41, 85 S.Ct. 1293, 14 L.Ed.2d 205 (1965) (state national guard civilian employees maintaining federally-owned aircraft); United States v. Orleans, 425 U.S. 807, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976) (community action agency funded under a federal program); Hines v. United States, 60 F.3d

---

[2] A suit may not be instituted against the United States under the FTCA unless the claim is first presented to the appropriate federal agency and one of the following conditions is met: the claim is finally denied, or six months have passed without a final resolution having been made.  28 U.S.C. § 2675(a).  The claim presentation requirement is a jurisdictional prerequisite to bringing suit and must be affirmatively alleged in the complaint.  Gillispie v. Civiletti, 629 F.2d 637, 640 (9th Cir. 1980).  In the instant case, Plaintiff has alleged that he filed a tort claim with the federal Bureau of Prisons.  Plaintiff's exhibits show that he did indeed file a federal claim, which was denied.

at 1447 (driver of trucking company not employee of United States Postal Service).

The United States is not liable under the FTCA for constitutional tort claims. FDIC v. Meyer, 510 U.S. 471, 478 (1994); Cato v. United States, 70 F.3d 1103, 1111 (9th Cir. 1995). The FTCA authorizes tort actions against the United States if the United States, *as a private person*, would be liable to the plaintiff under California tort law. United States v. Olson, 546 U.S. 43, 126 S.Ct. 510, 511 (2005); Delta Savings Bank v. United States, 265 F.3d 1017, 1025 (9th Cir. 2001). Any duty owed to the plaintiff by the United States "must be found in California state tort law." Delta Saving Banks, 265 F.3d at 1025.

Plaintiff alleges that he has met the exhaustion and administrative claim filing requirements of both the Prison Litigation Reform Act of 1996 and the Federal Tort Claims Act and that each of the individuals named as defendants were employees and/or agents of the Federal Bureau of Prisons, acting under color of law, and within the course and scope of their agency or employment. Thus, Plaintiff has met the jurisdictional requirements to bring this case under the F.T.C.A. in the District Court.

### *2. Medical Malpractice Under California Law*

To establish medical negligence (malpractice), a plaintiff must state (and subsequently prove) all of the following: (1) that the defendant was negligent; (2) that the plaintiff was harmed; and that the defendant's negligence was a substantial factor in causing the plaintiff's harm. Ladd v. County of San Mateo (1996) 12 Cal.4th 913, 917; Ann M. v. Pacific Plaza Shopping Center (1993) 6 Cal.4th 666, 673; Restatement Second of Torts, section 328A; and Judicial Council Of California Civil Jury Instruction 400, Summer 2008 Supplement Instruction.

Medical professionals are negligent if they fail to use the level of skill, knowledge, and care in diagnosis and treatment that other reasonably careful medical professional would use in the same or similar circumstances. This level of skill, knowledge, and care is sometimes referred to as "the standard of care." Landeros v. Flood 17 Cal.3d 399, 408 (1976); see also Brown v. Colm 11 Cal.3d 639, 642–643 (1974); Mann v. Cracchiolo (1985) 38 Cal.3d 18, 36; and Judicial Council Of California Civil Jury Instruction 500, Summer 2008 Supplement Instruction.

Plaintiff alleges that the various named medical providers "failed to use the ordinary care in

providing treatment of the Plaintiff, that reasonable and prudent care providers of the same level of certification should have and would have employed under the same or similar circumstances ... ." (Doc. 53, pg. 7.)  The named defendants, being medical providers to whom Plaintiff turned for care and treatment owed Plaintiff a duty to meet the standard of care in his care and treatment.  Plaintiff alleges that they breached the standard of care and that, as a result, he sustained injury.  Thus, Plaintiff states a cognizable claim against the U.S.A. under the F.T.C.A. for medical malpractice by its employees/agents.

**E. Bivens & the Eighth Amdment to the Constitution of the United States.**

Plaintiff alleges that the individual defendants were deliberately indifferent to his serious medical need – i.e. the diagnosis and treatment of his brain tumor.

The remedy for violation of civil rights by federal actors is found in Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).  The Supreme Court assumes that Bivens claims are limited to federal officials.  "Bivens defendants are federal officials brought into federal court for violating the Federal Constitution." Carlson v. Green, 446 U.S. 14, 24 n. 11, (1980); cf. Federal Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 484 (1994) ("category of defendants against whom Bivens-type actions may be brought includes ... only federal agents [and not federal agencies]").

Thus, despite the fact that Plaintiff requested the Court to rename this a case under the F.T.C.A., Plaintiff's claims against N.P. Del Valle, N.P. Glas, P.A. Palmieri, R.N. Ross, Dr. Villasan, L.V.N. McCory, L.V.N./C.I.D. Dunlap, N.P. Refendor, and Clinical Director Franco are properly analyzed under Bivens and the Eighth Amendment to the United States Constitution.

*1. Deliberate Indifference to Serious Medical Needs*

Where a prisoner's Eighth Amendment claim is one of inadequate medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. at 106.  Such a claim has two elements:  "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1991).  A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton

1  infliction of pain.'" McGuckin, 974 F.2d at 1059 (*quoting* Estelle, 429 U.S. at 104). Indications of a
2  serious medical need include "the presence of a medical condition that significantly affects an
3  individual's daily activities." Id. at 1059-60. By establishing the existence of a serious medical
4  need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation.
5  Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994).

6        If a prisoner establishes the existence of a serious medical need, he or she must then show
7  that prison officials responded to the serious medical need with deliberate indifference. Farmer, 511
8  U.S. at 834. In general, deliberate indifference may be shown when prison officials deny, delay, or
9  intentionally interfere with medical treatment, or it may be shown by the way in which prison
10 officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir.1988).
11 Before it can be said that a prisoner's civil rights have been abridged with regard to medical care,
12 however, "the indifference to his medical needs must be substantial. Mere 'indifference,'
13 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter
14 Laboratories, 622 F.2d 458, 460 (9th Cir.1980) (*citing* Estelle, 429 U.S. at 105-06). See also Toguchi
15 v. Chung, 391 F.3d 1051, 1060 (9th Cir.2004). Deliberate indifference is "a state of mind more
16 blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's
17 interests or safety.'" Farmer, 511 U.S. at 835 (*quoting* Whitley, 475 U.S. at 319). "Deliberate
18 indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).
19 "Under this standard, the prison official must not only 'be aware of the facts from which the
20 inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also
21 draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should
22 have been aware of the risk, but was not, then the official has not violated the Eighth Amendment,
23 no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175,
24 1188 (9th Cir. 2002)).

25       Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at
26 104-05. Deliberate indifference can be manifested by prison guards intentionally denying or
27 delaying access to medical care or intentionally interfering with the treatment once prescribed.
28 Estelle v. Gamble, 429 U.S. at 104-05. To establish a claim of deliberate indifference arising from

delay, a plaintiff must show that the delay was harmful. See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir.1994) (*per curiam*); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.1990); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.1985) (*per curiam*). Mere differences of opinion between a prisoner and prison medical staff as to proper medical care do not give rise to a § 1983 claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989); Franklin v. Oregon, 662 F.2d 1337, 1334 (9th Cir.1981).

Plaintiff alleges that: on April 21, 1999, he complained of dizziness and was seen by Valle N.P. who prescribed headache medication; on May 31, 1999 and June 9, 1999, he complained of dizziness when lying down and was seen by Glas N.P. who ordered an EKG which never took place; on November 22, 1999, Plaintiff was seen by Ross R.N. and complained of dizziness and light headaches of 6-7 months duration; on December 2, 1999, Plaintiff had an appointment, but was not seen by any medical provider; on December 7, 1999, Plaintiff was examined for his dizziness by Palmieri P.A., who ordered blood work; on June 5, 200, Plaintiff was seen for his dizziness by McCory L.V.N.; on June 6, 2000, Plaintiff was seen by Palmieri, P.A. who scheduled him for further exam by a mid-level practitioner; on July 18, 2000, he was seen by Villasan, M.D. and Dunlap L.V.N./C.I.D, was diagnosed with "Rhinitis," and prescribed sinus medication; on November 22, 2002 and December 3, 2002, Plaintiff was examined by Dr. Franco and complained of dizziness, nausea, vomiting, drowsiness, migraine headaches, and overall weakness; Plaintiff requested an M.R.I., which Dr. Franco denied; Dr. Franco prescribed migraine medication; on December 10, 2002 and January 10, 2003, Plaintiff was seen by Refendor, N.P. who prescribed migraine medication; on February 4, 2003, Plaintiff obtained an M.R.I. which showed that he had a tumor approximately the size of a golf ball in the back of his brain which had eroded the inner table of his skull and transverse sinus.

Plaintiff fails to make any factual allegations that show deliberate indifference on the part of any of the medical providers. The fact that they did not diagnose his brain tumor might qualify as medical malpractice, but in and of itself, a missed diagnosis, even by multiple defendants, does not show deliberate indifference. Further, the mere difference of opinion between Plaintiff and Dr.

Franco over his need for an earlier MRI do not give rise to a § 1983 claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989); Franklin v. Oregon, 662 F.2d 1337, 1334 (9th Cir.1981).  Thus, Plaintiff fails to state a cognizable claim for deliberate indifference to his serious medical need(s) under the Eighth Amendment.

**II.    CONCLUSION**

For the reasons set forth above, Plaintiff's Third Amended Complaint is dismissed, with leave to file a Fourth Amended Complaint within thirty days.  If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later than thirty days from the date of service of this order.

This is the last opportunity the Court will give Plaintiff to rectify deficiencies in his pleading.

Plaintiff must demonstrate in his Fourth Amended Complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The Fourth Amended Complaint must allege in specific terms how each named defendant is involved.  There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff is reminded that Fed.R.Civ.P. 18(a) provides that "'[a] party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party."  Thus, multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff is advised that the Court cannot serve as a repository for the parties' evidence.

1 Originals or copies of evidence (i.e., prison or medical records, witness affidavits, etc.) should not be
2 submitted until the course of litigation brings the evidence into question (for example, on a motion
3 for summary judgment, at trial, or when requested by the court).  At this point, the submission of
4 evidence is premature as the Plaintiff is only required to state a prima facie claim for relief.  Thus, in
5 amending his complaint, Plaintiff should simply state the facts upon which he alleges a defendant
6 has violated his constitutional rights and refrain from submitting exhibits.

7     Finally, Plaintiff is advised that Local Rule 15-220 requires that his Fourth Amended
8 Complaint be complete in itself without reference to any prior pleading.  As a general rule, an
9 amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.
10 1967).  Once Plaintiff files an amended complaint, the original pleading no longer serves any
11 function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim
12 and the involvement of each defendant must be sufficiently alleged.  Plaintiff must clearly title his
13 next complaint "Fourth Amended Complaint."

14     Based on the foregoing, it is HEREBY ORDERED that:
15     1.    Plaintiff's Third Amended Complaint is dismissed, with leave to amend;
16     2.    The Clerk's Office shall send Plaintiff a civil rights complaint form;
17     3.    Within **thirty (30) days** from the date of service of this order, Plaintiff must either:
18         a.    File a Fourth Amended Complaint curing the deficiencies identified by the
19             Court in this order, or
20         b.    Notify the Court in writing that he does not wish to file a Fourth Amended
21             Complaint and wishes to proceed only on the claims under the F.T.C.A.
22             against the U.S.A.; and
23     4.    If Plaintiff fails to comply with this order, this action will be dismissed for failure to
24         obey a court order and for failure to state a claim.
25 IT IS SO ORDERED.
26 **Dated:   October 2, 2008**        /s/ Sandra M. Snyder
                                      UNITED STATES MAGISTRATE JUDGE
27
28