JKM

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Charles Hawkins, | No. 1:04-CV-5771-GMS |
| Plaintiff, | **ORDER** |
| vs. | |
| United States of America, | |
| Defendant. | |

This case was reassigned to the undersigned judge on November 25, 2008.  Plaintiff Charles Hawkins, who is confined in the Federal Medical Center in Butner, North Carolina, has filed a Fourth Amended Complaint pursuant to the Federal Tort Claims Act (Doc. #64). The Court will order Defendant United States of America to answer the Fourth Amended Complaint.

## I.    Procedural History

Plaintiff filed a *pro se* Complaint on May 27, 2004.  (Doc. #1.)  Plaintiff subsequently filed a request that the Court correct the record to reflect that his action was filed pursuant to the Federal Tort Claims Act (FTCA) – not <u>Bivens</u>.[1]  (Doc. #10.)  On July 28, 2004, the Court issued an Order correcting the record and dismissing the Complaint with leave to amend.  Plaintiff was informed that under the FTCA, the United States of America was the only proper Defendant.  (Doc. #11.)

---

[1] <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).

TERMPSREF

1       Plaintiff filed his First Amended Complaint on August 13, 2004. (Doc. #14.) On

2  October 18, 2004, the Court directed the United States Marshal to serve the First Amended

3  Complaint. (Doc. #18.) The United States filed an Answer to the First Amended Complaint

4  on March 23, 2005. (Doc. #28.) The Court then issued a Scheduling Order opening

5  discovery and setting various dispositive motion deadlines. (Doc. #30.) On July 29, 2005,

6  Plaintiff moved to file a second amended complaint naming additional defendants who he

7  alleged were responsible for his medical condition. (Doc. #33.) Defendants filed a

8  Statement of Non-Opposition to the Motion to Amend (Doc. #36) and the Court granted

9  Plaintiff's request (Doc. #38).

10       Plaintiff filed his Second Amended Complaint on December 23, 2005. (Doc. #41.)

11  Defendants filed an Answer on January 11, 2006. (Doc. #41.) On August 1, 2006, Plaintiff

12  moved to stay the action pending a"brain operation." (Doc. #45.) On August 23, 2006, the

13  Court denied Plaintiff's request for a stay because the request was based on speculation and

14  was temporally unlimited. (Doc. #47.)

15       On October 4, 2006, Plaintiff sought a 90 day stay because he was in the hospital.

16  (Doc. #48.) On October 17, 2006, Defendants filed a Statement of Non-Opposition. (Doc.

17  #50.) The Court nonetheless denied Plaintiff's request for a stay and dismissed the Second

18  Amended Complaint with leave to amend because Plaintiff failed to name proper defendants

19  and failed to state cognizable claims under the FTCA. (Doc. #55.)

20       On January 23, 2007, Plaintiff filed a Third Amended Complaint. (Doc. #53.) On

21  October 2, 2008, the Court found that the Third Amended Complaint stated a cognizable

22  claim for relief against the United States under the FTCA, but that Plaintiff failed to state

23  proper claims for relief against the individually named defendants under either the FTCA or

24  Bivens. (Doc. #63.) The Court, therefore, dismissed the Third Amended Complaint with

25  leave to amend.

26  **II.**    **Statutory Screening of Prisoner Complaints**

27       The Court is required to screen complaints brought by prisoners seeking relief against

28  a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C.

1   § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised

2   claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

3   be granted, or that seek monetary relief from a defendant who is immune from such relief.

4   28 U.S.C. § 1915A(b)(1), (2).

5   **III.    Fourth Amended Complaint**

6          In his Fourth Amended Complaint, Plaintiff names the United States of America as

7   the sole Defendant.  Plaintiff alleges that Federal Bureau of Prisons medical staff negligently

8   failed to properly diagnose and treat him for a brain tumor.  Plaintiff alleges that he has

9   exhausted administrative remedies as required by 28 U.S.C. § 2675(a).  Plaintiff seeks

10  $500,000 in compensatory damages.  Plaintiff has stated a cognizable claim for relief under

11  the FTCA.  Defendant United States of America will, therefore, be required to answer the

12  Fourth Amended Complaint.

13         In light of the tortured history of this action, no further amendments will be permitted

14  without a prior showing of good cause.

15  **IV.    Warnings**

16         **A.    Address Changes**

17         Plaintiff must file and serve a notice of a change of address in accordance with Rule

18  83-182(f) and 83-183(b) of the Local Rules of Civil Procedure.  Plaintiff must not include

19  a motion for other relief with a notice of change of address.  Failure to comply may result in

20  dismissal of this action.

21         **B.    Copies**

22         Plaintiff must submit an additional copy of every filing for use by the Court.  <u>See</u>

23  LRCiv 5-133(d)(2).  Failure to comply may result in the filing being stricken without further

24  notice to Plaintiff.

25         **C.    Possible Dismissal**

26         If Plaintiff fails to timely comply with every provision of this Order, including these

27  warnings, the Court may dismiss this action without further notice.  <u>See</u> <u>Ferdik v. Bonzelet</u>,

28

1    963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to

2    comply with any order of the Court).

3         **IT IS ORDERED** that Defendant United States of America must answer the Fourth

4    Amended Complaint within 10 days of the filing of this Order.

5         DATED this 2nd day of February, 2009.

6

7         _____

          G. Murray Snow

8         United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28