WO

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Charles Hawkins, | ) | 1:04-cv-05771-GMS |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| United States of America, | ) ) | |
| Defendant. | ) ) ) | |

Pending before the Court is the Motion for Summary Judgment filed by the United States of America (the "United States Government" or the "Government"). (Dkt. # 83.) For the reasons set forth below, the Court grants the Motion.

**BACKGROUND**

Plaintiff Charles Hawkins ("Hawkins") is a incarcerated within the Federal Bureau of Prisons. (Dkt. # 64 at ¶ 3.) On April 21,1999, Hawkins sought medical attention from prison personnel for recurring headaches and episodes of dizziness. (*Id*. at ¶ 5.) After subsequent treatment, Hawkins was diagnosed with a condition known as "Rhinitis," which is an inflammation of the nose or its mucus membrane. (*Id.* at ¶ 13.) To treat his symptoms, Hawkins was given over-the-counter medication. (*Id.* at ¶ 14.) Nevertheless, for the next four years, Hawkins continued to suffer from headaches and dizziness. (*Id.* at ¶ 19.) On February 4, 2003, Hawkins underwent a Magnetic Resonance Imaging (MRI) scan. The MRI revealed

that Hawkins had a benign brain tumor, which was subsequently removed. (*Id.* at ¶ 19; Dkt. # 83 at 1.)

In his Complaint, Hawkins alleges that the United States Government, by and through its agents and employees, failed to use ordinary care in diagnosing and providing treatment for the tumor. (Dkt. # 64 at ¶ 24.) He also alleges that the Government's negligence is the proximate cause of pain and suffering from the growth of the tumor. (*Id.* at ¶ 25.)

On March 17, 2010, the United States Government moved for summary judgment on Hawkins's medical malpractice claim. According to the Government, Hawkins lacks evidence that his physicians' failure to diagnose him violated the applicable standard of care. The Government further asserts that Hawkins cannot produce such evidence because he has failed to comply with this Court's deadline for disclosure of expert witnesses.

**LEGAL STANDARD**

A party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party is entitled to summary judgment if the non-movant fails to make a sufficient showing of an element of its case with respect to which it has the burden of proof. *Id.* at 323. Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment, and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Additionally, the party opposing summary judgment "may not rest upon the mere allegations or denials of [the party's] pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87

1  (1986).

## DISCUSSION

To recover for medical malpractice under California law, a plaintiff must establish the following elements: (1) the duty of the professional to use such skill, prudence, and diligence as other members of his or her profession commonly posses and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury and; (4) actual loss or damage resulting from the professional's negligence. *Elcome v. Chin*, 110 Cal.App.4th 310, 317 (2003); *Hanson v. Grode,* 76 Cal.App.4th 601, 606 (1999); *Turpin v. Sortini,* 31 Cal.3d 220, 229–230 (1982).

The standard of care can only be established through expert testimony unless the conduct at issue is common knowledge to the general public. *See Musser v. Gentiva Health Servs.,* 356 F.3d 751, 760 (7th Cir. 2004). Generally, it is beyond the capabilities of a jury to understand complex medical procedures without expert medical testimony on which the jury could reasonably base a finding of causation. *Jones v. Ortho Pharm. Corp.*, 163 Cal.App.3d 396, 402 (1985)*; see Bromme v. Pavitt,* 5 Cal.App.4th 1487, 1498–99 (1992) (holding competent medical testimony is necessary to show that a patient's death from cancer was caused by medical negligence); *Gotschall v. Daley*, 96 Cal.App.4th 479, 484 (2002) ("Without testimony on causation, plaintiff [has] failed to meet his burden on an essential element of the cause of action."); *Siverson v. Weber,* 57 Cal.2d 834, 839 (1962) (cause of development of plaintiff's fistula following hysterectomy not matter of common knowledge).

The "common knowledge" exception to the use of expert medical testimony is limited to situations in when *res ipsa loquitur* applies. *Flowers v. Torrance Mem'l Hosp. Med. Ctr.,* 8 Cal.4th 992, 1001 (1994) (internal citations omitted). *Res ipsa* is appropriate where a plaintiff is able to show that, as a matter of common knowledge and observation, the professional did not act as one reasonably would act (i.e. where a surgeon leaves a scalpel in a patient's body following surgery). *Id*.

Summary judgment is appropriate in this case because Hawkins has not presented any

evidence to support his claim of medical malpractice arising from the failure to diagnose his brain tumor. To present expert testimony, Hawkins was required to disclose his expert witnesses pursuant to the deadlines set by this Court. In an order dated November 12, 2009, Hawkins's deadline to disclose expert witnesses and serve reports was extended to January 4, 2010. (Dkt. # 80.)  Despite the extension, Hawkins failed to disclose his experts. Instead, on December 22, 2009, Hawkins indicated that he had not received any responses from his witnesses. (Dkt. # 81.)

Federal Rule of Civil Procedure 26(a)(2) requires Hawkins to disclose the identity of any person who may be used at trial to present expert testimony. Fed. R. Civ. P. 26(a)(2). It also requires a written report from that witness if the witness is retained or is one whose duties regularly involve giving expert testimony. *Id.* Failure to comply with Rule 26(a)(2) generally results in the expert testimony being precluded. Pursuant to Federal Rule of Civil Procedure 37(c)(1), where a party does not provide information or the identity of witnesses as required by Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1); *see United States v. Nash,* 115 F.3d 1431, 1439 (9th Cir. 1997) (holding that expert testimony was properly excluded for defendant's failure to provide the required expert disclosure).

Because Hawkins's malpractice claim necessarily relies on expert testimony, his failure to disclose his experts and provide the required report is fatal to that claim. Hawkins asserts that he wishes to call Dr. Salim Rahman (a neurosurgeon who performed the surgery to remove his brain tumor) and Dr. Willard D. Thompson as expert witnesses. (Dkt. # 77, Ex. A.)  As his filings with this Court indicate, however, Hawkins has not had sufficient communication with either of these experts to know if they have any opinions as to whether the Federal Bureau of Prisons medical staff failed to meet the standard of care and whether it caused growth of the tumor and damage to Hawkins.

Several courts have indicated that there is a "treating physician exception" to a party's

- 4 -

requirement to provide an expert report. Under this exception, a treating physician must be disclosed as an expert, but that physician need not provide an expert report. *See Watson v. United States*, 485 F.3d 1100, 1107 (10th Cir. 2007); *Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 869–70 (6th Cir. 2007). While the Ninth Circuit has not laid out the parameters of this exception, it did recognize the existence of the exception in *Torres v. City of L.A.*, 548 F.3d 1197, 1213 (9th Cir. 2008). Nonetheless, those courts that have recognized the exception have specifically held that a report is still necessary when the treating physician provides "opinions that are formed in connection with the case, rather than with prior treatment." *Armatis v. Owens-Brockway Glass Container, Inc.*, 2010 WL 148692, at *1 (E.D. Cal. Jan 14, 2010); *see also Goodman v. Staples the Office Store, LLC*, 2009 WL 4827204, at *6 (D. Ariz. Dec. 9, 2009) ("[O]nce . . . the claimant undertakes to elicit an opinion whether a particular traumatic event caused the condition as opposed to another cause, the expert has been transformed into the same type of expert envisioned by the report requirement."). Because the prison officials ultimately diagnosed the tumor, Hawkins is required to demonstrate a failure to properly or timely diagnose as well as causation and resulting damages. Such an opinion, as the cases demonstrate, require the filing of a report. Thus, even if one or both of Hawkins's expert witnesses qualify for the treating physician exception, Hawkins has still failed to timely disclose his experts, and he has not met his burden of submitting evidence establishing that there is a material issue of fact for trial. Hawkins does not present any evidence indicating that the treating physicians violated the relevant standard of care, and fails to set forth evidence that the alleged failure caused Hawkins's alleged injuries.

Furthermore, this is not a case where *res ipsa loquitur* can be invoked to demonstrate that the United States Government violated the applicable standard of care. The general public does not possess the medical knowledge required to determine whether the Government's failure to diagnose Hawkins's brain tumor violated that standard. "What is or what is not proper practice on the part of the physician is uniformly a question for experts

and can be established only by the testimony of such experts." *Sansom v. Ross-Loos Medical Group,* 57 Cal.App.2d 549, 553 (1943).

**IT IS THEREFORE ORDERED** that the United State's Motion for Summary Judgment (Dkt. # 83) is **GRANTED**. The Clerk of Court is directed to **TERMINATE** this action.

DATED this 30th day of June, 2010.

_____
G. Murray Snow
United States District Judge